IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD L. DAVIS, :

Plaintiff, :

vs. : CIVIL ACTION 04-0258-WS-C

GLOBEL-TEL LINK CORP., :

Defendant. :

REPORT AND RECOMMENDATION

Plaintiff, a Tennessee prison inmate, filed his Complaint in the present action under 42 U.S.C. § 1983 on April 21, 2004. (Doc. 1 at 1-2, Complaint). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Having found herein that the proper venue for this action is the United States District Court for the Middle District of Tennessee,[1] it is the recommendation of the undersigned that this action be transferred to the United States District Court for the Middle District of Tennessee pursuant to the provisions of 28 U.S.C. § 1404.

I. FACTS

1. In his Complaint, Plaintiff alleges that he is a resident of Tennessee who is presently confined at the Riverbend Maximum Security Institution in Nashville, Tennessee. (Doc. 1 at 2).

[1] Plaintiff is incarcerated at Riverbend Maximum Security Institution, which is located in Nashville, Tennessee (Doc. 1 at 2), within the jurisdiction of the United States District Court for the Middle District of Tennessee.

2. Plaintiff alleges that Defendant, Globel-Tel Link Corp., is a "telecommunications corp[oration]," with its "main branch office" in Mobile, Alabama. (Id.).

3. Plaintiff alleges that Defendant, Globel-Tel Link Corp., has a contract with the Tennessee Department of Corrections to provide telephone service to inmates at the Riverbend facility. (Id. at 2-3).

4. According to Plaintiff, Globel-Tel Link Corp. violated his constitutional rights during his incarceration at the Riverbend Maximum Security Institution by failing to credit his prison telephone account with funds that he mailed to Defendant. (Id. at 3-4).

5. Because Plaintiff's telephone account was not credited with the amount of the money order that he mailed to Defendant, he was denied telephone access to his attorney, family, and clergy. (Id.).

## II.  DISCUSSION

1. For purposes of venue, a § 1983 action may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

2. Moreover, under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if the court determines that the transfer would be "[f]or the convenience of parties and witnesses, in the interest of

justice."

3. As discussed above, Plaintiff alleges in his Complaint that he is a resident of Tennessee who is incarcerated at the Riverbend Maximum Security facility in Nashville, Tennessee. (Doc. 1 at 2).

4. According to Plaintiff, Defendant has its "main branch office" in Mobile, Alabama, and "does business by contract . . . in the State of Tennessee with the [Tennessee] Department of Correction[s]," providing telephone service to inmates at the Riverbend facility. (Id.).

5. Plaintiff alleges that, while incarcerated at the Riverbend facility in Nashville, Tennessee, he was denied access to telephone service because a money order that he mailed to Defendant's Mobile, Alabama, office was stolen by its employees. (Id. at 3-4).

6. Assuming Plaintiff's allegations as true, venue would be proper in this district,[2] as well as in the Middle District of Tennessee, where a substantial part of the events giving rise to Plaintiff's claim occurred. 28 U.S.C. § 1391(b).

7. The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citations omitted).

---

[2] Pursuant to 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Therefore, if Defendant's "main" office is in Mobile, Alabama, it would be subject to personal jurisdiction in this district, and venue would be proper in this forum. 28 U.S.C. § 1391(b).

8.  While the Plaintiff's choice of forum is generally afforded considerable deference, it is entitled to significantly less deference if the Plaintiff does not reside in the forum or if "the forum selected 'is not connected with the parties or the subject matter of the lawsuit. . . .'" Lasalle Bank N.A. v. Mobile Hotel Properties, LLC, 274 F. Supp. 2d 1293, 1302 (S.D. Ala. 2003) (citations omitted); see also Amazin' Raisins Intern., Inc. v. Ocean Spray Cranberries, Inc., 2004 WL 2595896, *2 (D. Minn. 2004) ("courts afford plaintiff's choice of forum 'significantly less deference when (1) plaintiff does not reside in the selected forum or (2) the transaction or underlying facts did not occur in the chosen forum.'" (citations omitted); Widen v. Advance Group, Inc., 2004 WL 816410, *1 (N.D. Ill. 2004) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise. . . . Additionally, where the operative facts have little connection to the forum, the plaintiff's choice of forum is also given less weight.") (citations omitted); Olympia Group, Inc. v. Cooper Industries, Inc., 2001 WL 506219, *3 (S.D.N.Y. 2001) ("The plaintiff's choice is entitled to less deference when the plaintiff does not reside in the chosen forum."); Johnson v. Dillard Dep't Stores, Inc., 2001 WL 285248, *1 (N.D. Tex. 2001) ("Although it is usually true that the Plaintiffs' choice of forum is to be afforded considerable weight, where 'most, if not all, of the operative facts occurred [in another venue], Plaintiff's choice of forum is given reduced significance.' . . . Furthermore, the Plaintiff's choice is entitled to less consideration when the Plaintiff does not reside in its chosen forum.") (citations omitted); Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("[t]he degree to which courts defer

to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.").

9. In this case, Plaintiff's allegations concerning his denial of telephone service in prison have little connection to this forum. Plaintiff is incarcerated in Nashville, Tennessee. The alleged constitutional deprivation, *i.e.*, the denial of telephone service, occurred at the Riverbend Maximum Security prison in Nashville, Tennessee. Any allegations concerning the provision or denial of telephone services to Plaintiff in the Riverbend facility would necessarily and integrally involve the Tennessee Department of Corrections. Even if Defendant mishandled a money order mailed to its Mobile, Alabama, office, it is the forum in which Plaintiff resides and within which the subject prison is located that has a particular interest in, and a direct connection to, the events alleged in the Complaint.

10. In light of the foregoing, the Court concludes that, in the interest of justice and for the convenience of the parties and witnesses, this case should be transferred to the United States District Court for the Middle District of Tennessee for review and determination.

## III. CONCLUSION

Based on the foregoing, it is recommended that this action be transferred to the United States District Court for the Middle District of Tennessee pursuant to the provisions of 28 U.S.C. § 1404.

The attached sheet contains important information regarding objections to this

recommendation.

DONE this 30th day of June, 2005.

                                            s/WILLIAM E. CASSADY
                                            UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.